UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LUMUMBA K. WOODS,

                    Plaintiff,

                                        MEMORANDUM & ORDER
          -against-                     22-CV-4389(JS)(AYS)

HON. HOWARD STURIM, Presiding
Judge; HON. NORMAN ST. GEORGE,
Administrative Judge; HON. TERESSA
K. CORRIGAN, Supervising Judge;
HON. JOHN DOE, Supreme Court Judge;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Lumumba K. Woods, pro se
                    CC# 2020002259
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York  11554

For Defendants:     No appearances.

SEYBERT, District Judge:

          Before the Court is the application to proceed in forma
pauperis ("IFP") (ECF No. 2) filed by incarcerated pro se plaintiff
Lumumba K. Woods ("Plaintiff") in connection with his Complaint
brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against four
Nassau County Supreme Court, or acting-Supreme Court, justices:
Hon. Howard Sturim, Presiding Judge ("Judge Sturim"); Hon. Norman
St. George, Administrative Judge ("Judge St. George"); Hon.
Teressa K. Corrigan, Supervising Judge ("Judge Corrigan"); and
Hon. John Doe, Supreme Court Judge ("Judge Doe" and collectively,
"Defendants").  For the reasons that follow, Plaintiff's IFP

application is GRANTED; however, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915, 1915A.[1]

BACKGROUND

I.   The Complaint[2]

Plaintiff utilized the Court's form Section 1983 complaint and attached an additional seven handwritten pages, as well as twelve pages of exhibits.  Generally, Plaintiff seeks to challenge his on-going state court criminal prosecution.[3]  (See generally Compl.)  Plaintiff complains that he "was denied his right to defend himself pro se in violation of his 6th amendment rights" and was further denied the "right to file other civil actions in court that have a reasonable basis in law and fact in violation of his First Amendment rights."  (Id. at 7.)  More

---

[1] Together with his IFP application, Plaintiff filed a Motion for an Order to Show Cause seeking a Temporary Restraining Order and Preliminary Injunction (ECF No. 6) and a Request for a Certificate of Default (ECF No. 8).  In light of the Court's dismissal of the Complaint, these applications are DENIED.

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

[3] According to the information maintained by the New York State Office of Court Administration on its public website, Plaintiff pled not guilty on September 21, 2021 to a six count indictment which included felony charges of recklessly causing serious physical injury to another person with a deadly weapon or a dangerous instrument in violation of N.Y. Penal Law § 120.5(4) and vehicular assault in the second degree in violation of N.Y. Penal Law § 120.03(1).  See https://iapps.courts.state.ny.us/webcrim_at torney (last visited on October 11, 2022).

specifically, Plaintiff alleges that, after his application for reassignment of defense counsel was granted, in open court and while holding Plaintiff's reassignment of counsel application, Judge Sturim stated: "[N]o more of these . . . I have two talented prosecutors here that will use what you say against you, do you understand me?" (Id. at 9.)  According to the Complaint, Plaintiff responded "yes" because he felt "threatened."  (Id.)  Next, Plaintiff complains that he "filed an order to produce with the Supreme Court . . . [but] was not produced and the motion was not heard upon receipt." (Id. at 10.)  Plaintiff also complains that his bail application and "two of [his] habeus corpus writs" were denied by Judge Sturim. (Id. at 10-11.)

Regarding Plaintiff's claims against Judge St. George and Judge Corrigan, Plaintiff alleges that they each had "indirect participation" in the challenged conduct of the other Defendants due to the supervisory positions they hold as Administrative Judge and Supervising Judge, respectively. (Id. at 8, 12.)  Plaintiff's only allegation in the Complaint pertaining to Judge Doe is that he "[f]ailed to act by not entertaining a protected action." (Id. at 12.)

As a result of the foregoing, Plaintiff alleges that his injuries are "the adverse consequences which flow from the petitioners constitutionally protected action." (Id.; Infra § II.A. at 4.)  For relief, Plaintiff seeks an order releasing him

on his own recognizance, punitive damages in the sum of $1,000 against each Defendant in their individual capacities, and a declaratory judgment in his favor.  (Id. at 6.)

## DISCUSSION

### I.   Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's IFP application is GRANTED.

### II.  Relevant Legal Standards

#### A.   Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action: (1) "is frivolous or malicious;" (2) "fails to state a claim upon which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief."  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b).  An action is frivolous as a matter of law when, inter alia, it is based on "an indisputably meritless legal theory . . . it lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint."  Livingston v. Adirondack Beverage Co., 141 F.3d 437-38 (2d Cir. 1998).  The Court is required to dismiss the action as soon as it makes such a determination.  See 28 U.S.C.

§ 1915A; <u>Avant v. Miranda</u>, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally and to interpret them to raise the "strongest [claims] that they <u>suggest</u>." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).

B.   <u>The Court Abstains from Adjudicating Plaintiff's Claims Seeking Injunctive Relief</u>

As a threshold matter, the Court addresses Plaintiff's requests for injunctive relief. Pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971) and its progeny, the Court must abstain from adjudicating such claims.[4] In <u>Younger</u>, the Supreme Court concluded that although federal courts have the power to enjoin state criminal proceedings "when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." 401 U.S. 37 at 45. In <u>Sprint</u>

---

[4] Plaintiff seeks, <u>inter alia</u>, his release from incarceration. (<u>See</u> Compl. at 6.) However, the Supreme Court has established that habeas relief is the exclusive remedy in federal court for a state prisoner seeking release from custody. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (holding that when a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Communications, Inc. v. Jacobs, the Supreme Court clarified that Younger abstention is required in one of three types of state court proceedings:

> First, Younger precludes federal intrusion into ongoing state criminal prosecutions. Second, certain civil enforcement proceedings warrant[ ] abstention. Finally, federal courts should refrain from interfering with pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.

571 U.S. 69, 78 (2013) (internal quotation marks and citations omitted); see also Lowell v. Vermont Dep't of Children & Families, No. 19-CV-3987, 2020 WL 7038598, at *1 (2d Cir. Dec. 1, 2020) (affirming district court's application of Younger abstention).

Here, insofar as Plaintiff seeks to have this Court intervene in the on-going state court criminal proceedings against him, this Court must abstain. The injunctive relief Plaintiff seeks, which consists of releasing him from incarceration and a declaration that certain state court orders were erroneously decided (see Compl. at 10-12), would surely constitute "federal intrusion into ongoing state criminal proceedings." Sprint Commc'ns, 571 U.S. at 70. Moreover, Plaintiff fails to allege any facts that would bring his case within any exception to the general requirement that the federal court must abstain from intervening in, or enjoining, pending state criminal proceedings. See, e.g., London v. Nassau Cnty Dist. Att'ys Off., No. 20-CV-3988, 2020 WL

7699644, at *9 (E.D.N.Y. Dec. 28, 2020) (Seybert, D.J.) (finding that "releasing Plaintiff from incarceration as sought by Plaintiff would surely constitute federal intrusion into ongoing state criminal proceedings") (internal quotation marks and citation omitted).   Accordingly, the Court ABSTAINS from adjudicating Plaintiff's constitutional claims seeking injunctive relief due to his pending criminal case.

      C.    <u>Plaintiff's Remaining Damages Claims</u>

          1.    <u>Immunity</u>

              A.    <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.   "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ."   <u>State Emp's. Bargaining Agent Coal. v. Rowland</u>, 494 F.3d 71, 95 (2d Cir. 2007) (quoting <u>W. Mohegan Tribe & Nation v. Orange Cnty</u>, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original).   Eleventh Amendment immunity also extends to suits for money damages against state

officials in their official capacities.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." (internal citation omitted)).

Here, Plaintiff seeks money damages against Defendants, who are state officials, for conduct undertaken in their official capacities.  Thus, Plaintiff's damages claims are clearly barred by the Eleventh Amendment.  See, e.g., Gilhooly v. Quiros, 21-CV-0140, 2022 WL 252410, at *6 (D. Conn. Jan. 27, 2022) ("Plaintiff's claims seeking compensatory and punitive damages from Defendants in their official capacities for violating his federal constitutional rights are barred by the Eleventh Amendment.").  Accordingly, such claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

B.   Judicial Immunity

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."  Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted).  The Supreme Court instructs that this immunity is "from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991) (citation omitted).  This immunity applies to state court judges who are sued in federal court

pursuant to 42 U.S.C. § 1983. See Pizzolato v. Baer, 551 F. Supp. 355, 356 (S.D.N.Y. 1982).

The 1996 Congressional amendments to § 1983 also bar injunctive relief and provide that "'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam) (quoting Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996)(amending 42 U.S.C. § 1983)). Therefore, a judge is immune from all forms of suit unless he or she has acted beyond his or her judicial capacity, or "'in the complete absence of all jurisdiction.'" Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (quoting Mireles, 502 U.S. at 11).

Here, Plaintiff challenges various rulings made by Judge Sturim during the underlying state court criminal prosecution. As is readily apparent, the challenged rulings were made within Judge Sturim's judicial capacity and Plaintiff has not alleged any facts from which the Court could reasonably find that Judge Sturim acted beyond his judicial capacity or in the complete absence of all jurisdiction. (See generally Compl.) As such, Judge Sturim is entitled to absolute judicial immunity. Similarly, to the extent Plaintiff seeks to sue Judge St. George and Judge Corrigan in their

supervisory judicial roles,[5] they too are entitled to absolute judicial immunity.  Since absolute "judicial immunity is not overcome by allegations of bad faith or malice," Mireles, 502 U.S. at 11, Plaintiff's claims against the Defendants[6] are DISMISSED WITH PREJUDICE.  See Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

C.   Individual Capacity Claims

Although Plaintiff seeks to recover punitive damages against Defendants in their individual capacities, Plaintiff's allegations make clear that he seeks to impose liability upon them due to their respective roles within the New York State Court System as related to his on-going criminal prosecution.  As such,

---

[5] Moreover, Plaintiff's Section 1983 claims against Judge St. George and Judge Corrigan in their supervisory capacities are not plausible.  As the Second Circuit recently made clear, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability."  Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020).  Plaintiff has not alleged any conduct or inaction attributable to either Judge St. George or Judge Corrigan, and Plaintiff seeks to impose Section 1983 liability upon them solely due to their supervisory roles within the state court.  Thus, Plaintiff's Section 1983 claims against Judge St. George and Judge Corrigan are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for this additional reason.

[6] Aside from alleging that Judge Doe "failed to act," the Complaint is devoid of any allegations against him.  As such, not only is Judge Doe immune from suit, Plaintiff's claims against Judge Doe are dismissed for the same reasons his claims against Judge St. George and Judge Corrigan are dismissed.  (See supra note 7.)

for the reasons set forth above, Defendants are immune from suit and Plaintiff has not alleged any plausible basis for individual liability.  While "[p]unitive damages are available in a § 1983 case 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others,'" Mathie v. Fries, 121 F.3d 808, 815 (2d Cir. 1997) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)), Plaintiff's scant allegations of conduct or inaction attributable to Defendants are insufficient to allege a cognizable individual capacity claim for punitive damages. Consequently, such claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

D.   State Law Claims

To the extent Plaintiff asserts any state law claims, the Court declines to exercise supplemental jurisdiction over such claims.  Federal courts "have supplemental jurisdiction over all other claims that are so related to claims [over which the court has] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Stated differently, "[t]he state and federal claims must derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  In deciding whether to exercise supplemental jurisdiction, a district court should balance the "values of judicial economy, convenience, fairness, and comity." Carnegie-

11

Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  Generally, "where the federal claims are dismissed before trial, the state claims should be dismissed as well."  Delaney v. Bank of America Corp., 766 F.3d 163, 170 (2d Cir. 2014).

Here, having dismissed Plaintiff's federal claims, the Court finds the factors of economy, convenience, fairness, and comity do not support exercising supplemental jurisdiction over any remaining state law claims.  Accordingly, such claims are DISMISSED without prejudice.

III. Leave to Amend

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects; however, leave to amend is not required where an amendment would be futile. See Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  Since the defects in Plaintiff's Complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 2) is GRANTED;

**IT IS FURTHER ORDERED** that the Court ABSTAINS from adjudicating Plaintiff's claims seeking injunctive relief;

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims seeking damages are DISMISSED WITH PREJUDICE pursuant to

28 U.S.C. §§ 1915(e)(2)(B), 1915A;

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall:

(1) Enter judgment accordingly;

(2) Close this case; and

(3) Mail a copy of this Memorandum & Order to Plaintiff at his address of record, and include the notation "Legal Mail" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:  October 13, 2022
        Central Islip, New York

13